IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| TOM DART, the SHERIFF OF COOK COUNTY, | ) | |
| individually and in his official capacity; | ) | Case No. |
| COOK COUNTY; DR. NNEKA JONES | ) | |
| TAPIA, individually and in her official | ) | |
| capacity as Executive Director of the Cook | ) | |
| County Department of Corrections; | ) | |
| Sergeant M. RUDNICK; Correctional | ) | |
| Officers DANIEL POPP, PATRICK BROWN, | ) | |
| JANIE MCCONNELL, and UNKNOWN | ) | |
| EMPLOYEES OF COOK COUNTY JAIL; | ) | Hon. Judge |
| Office of Professional Review Investigator | ) | |
| BRYAN NYBERG; Office of Professional Review | ) | |
| Investigator ROBERT REILLY; UNKNOWN | ) | Hon. Mag. Judge |
| EMPLOYEES OF COOK COUNTY; UNKNOWN | ) | |
| EMPLOYEES OF THE OFFICE OF | ) | |
| PROFESSIONAL REVIEW OF THE COOK | ) | |
| COUNTY SHERIFF's OFFICE, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, MICHAEL WHITE, by his attorneys, LOEVY & LOEVY, and complaining of

Defendants, TOM DART, the COOK COUNTY SHERIFF, individually and in his official

capacity, COOK COUNTY, DR. NNEKA JONES TAPIA, individually and in her official

capacity as Executive Director of the Cook County Department of Corrections (the "Cook

County Jail"), Sergeant M. RUDNICK, Correctional Officer DANIEL POPP, Correctional

Officer PATRICK BROWN, Correctional Officer JANIE MCCONNELL, Office of Professional

Review Investigator BRYAN NYBERG, OFFICE OF PROFESSIONAL REVIEW Investigator

ROBERT REILLY, UNKNOWN EMPLOYEES OF COOK COUNTY, and UNKNOWN

EMPLOYEES OF THE OFFICE OF PROFESSIONAL REVIEW OF THE COOK COUNTY

SHERIFF'S OFFICE, states as follows:

## Introduction

1.      Plaintiff Michael White was scheduled to attend court and to be released from

Cook County Jail on January 25, 2016. Instead, with his attorney and his grandmother waiting

for him at the courthouse, he was barred from attending court and was attacked and beaten by

Defendant Correctional Officers Daniel Popp and Patrick Brown . As captured by video

surveillance, Officer Brown threw Mr. White to the ground, and while Mr. White lay prone on

his stomach, Officers Popp and Brown repeatedly punched and kicked him. Even after additional

correctional officers intervened to handcuff Mr. White, and despite the fact that Mr. White lay on

the ground without resisting any of the Defendant Officers, the video shows that Officers Popp

and Brown continued their assault. A video recorded interview with Mr. White at the Jail shortly

after this assault clearly shows severe injuries to his head and face.

2.      This action is brought pursuant to 42 U.S.C. Section 1983 to redress the

deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

## Jurisdiction and Venue

3.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

4.      Venue is proper under 28 U.S.C. § 1391(b) and (c). On information and belief, all

parties reside in this judicial district, and the events giving rise to the claims asserted herein all

occurred within this district.

## The Parties

5.      Michael White is a 21-year-old resident of Cook County, Illinois.

6.      At the time of the events at issue in this case, Mr. White was detained at the Cook

County Jail in Chicago, Illinois.

7.     The Cook County Jail is operated by Defendant Tom Dart, the Cook County Sheriff.

8.     At all times relevant to the events at issue in this case, Defendant Tom Dart was employed by the Cook County Sheriff's Office in the capacity of Sheriff. As such, Defendant Tom Dart was acting under color of law.

9.     At all times relevant to the events at issue in this case, Defendant Tom Dart promulgated rules, regulations, policies, and procedures as Sheriff for the training, supervision, and discipline of correctional officers with respect to, among other things: (1) communicating or failing to communicate detainee requests to speak to a Sergeant or other member of the Cook County Jail's supervisory staff; (2) the proper use of force; (3) properly filling out Incident and Use of Force Reports; (4) alerting and/or notifying Cook County Jail employees whenb a detainee was scheduled to appear in court; and (5) transferring detainees to scheduled court appearances. Defendant Tom Dart's policies were implemented by and through Cook County Jail employees including the individual Defendant Officers.

10.     At all times relevant to the events at issue in this case, Defendant Tom Dart, as Sheriff of Cook County, was the final policymaker for the Cook County Sheriff's Office and the Cook County Jail.

11.     At all times relevant to the events at issue in this case, Defendant Dr. Nneka Jones Tapia was employed by the Cook County Sheriff's Office as the Executive Director of the Cook County Jail. As such, Defendant Jones Tapia was acting under color of law.

12.     Defendant Cook County is a county of the State of Illinois. It oversees the Cook County Sheriff's Office, which, in turn, operates the Cook County Jail.

13.     At all times relevant to the events at issue in this case, Defendants M. Rudnick, Daniel Popp, Patrick Brown, and Janie McConnell, were employed by the Cook County Sheriff's Office and worked at the Cook County Jail as correctional officers. As such, these Defendants were acting under color of law.

14.     At all times relevant to the events at issue in this case, Defendants Bryan Nyberg, Robert Reilly, and Unknown Employees of the Office of Professional Review, were employed by Cook County in the capacity of Office of Professional Review Investigators. As such, these Defendants were acting under color of law.

**Factual Background**

15.     On January 25, 2016, while in the Day Room of Division 11 of the Cook County Jail, Mr. White informed Defendant Correctional Officer Popp that he was scheduled to appear in court that morning.

16.     On information and belief, after checking with an officer in Holding, Officer Popp informed Mr. White that his name did not appear on the list of detainees that were scheduled to be transported to court that day.

17.     Certain that he was due in court that day, and concerned that he would miss his court appearance because he was scheduled to be released from the Jail that very day, Mr. White used the pay phone located in the Day Room to confirm with his attorney that he scheduled to be in court that day. Mr. White's attorney informed Mr. White that he was indeed scheduled to be in Court that day, and that he and Mr. White's grandmother were waiting for him to be transferred to the courthouse from Cook County Jail.

18.     Mr. White then informed Defendant Officer Popp that he had confirmed with his attorney that he was due to be in court that day. Mr. White also informed Defendant Officer

Popp that he was sometimes referred to as Michael Taliaferro (his mother's maiden name), and asked Defendant Officer Popp to check with Holding to see if he was scheduled to appear in Court under that name.

19.     Defendant Officer Popp informed Mr. White that Holding had indicated that Mr. White did not have any "aliases" in the Jail's tracking system and that he was not scheduled to appear in Court that day under any name. On information and belief, Defendant Officer Popp never checked with holding to determine if Mr. White was scheduled to appear in court that day under his mother's maiden name. Indeed, Mr. White's own Cook County Sheriff's Office Booking Card, a record generated by the Cook County Jail, clearly indicates that Mr. White is known as both Michael White and as Michael Taliaferro.

20.     Very concerned about missing his court date, Mr. White told Defendant Officer Popp that he would like to speak to a Sergeant. Defendant Officer Popp responded with words to the effect that while that he could request a Sergeant it would take a long time for a Sergeant to appear on the Tier to talk to Mr. White. Mr. White informed Defendant Officer Popp that he still wanted to talk to a Sergeant.

21.     On information and belief, Defendant Officer Popp never radioed or otherwise requested for a Sergeant to appear on the Tier to speak with Mr. White.

22.     On information and belief, Defendant Officer Popp's failure to request the presence of a Sergeant was a violation of policies and procedures of the Cook County Jail.

23.     A short time thereafter, and increasingly concerned about missing his court date, Mr. White again asked Officer Popp to request the presence of a Sergeant. At this time, Defendant Officer Popp was preparing  to release from the Day Room two other detainees who were scheduled to be transported outside of the Jail that day. As Defendant Officer Popp released

the detainees from the Day Room, Mr. White followed Defendant Officer Popp into the hallway just outside of the Day Room.

24.     When Defendant Officer Popp noticed that Mr. White had followed him outside of the Day Room, he instructed Mr. White to stand against the wall while he attended to the two other detainees. Mr. White complied with Defendant Officer Popp's instruction and immediately stood with his back to the wall.

25.     Once he was finished with the two other detainees, Defendant Officer Popp approached Mr. White, angrily asking him why he had left the Day Room. Mr. White again informed Defendant Officer Popp that he was scheduled to be in court that day, that he had confirmed this fact with his attorney who was waiting for him at the courthouse, and that he did not want to miss his court date because he was scheduled to be released from the Jail that very day. Mr. White also told Defendant Officer Popp that he would like to speak to a Sergeant, to which Defendant Officer Popp responded with words to the effect that Mr. White was not scheduled to be in Court that day and that the Sergeant was too busy to deal with Mr. White's problems.

26.     Defendant Officer Popp then instructed Mr. White to "cuff up." On information and belief, it was at this time that Defendant Officers McConnell and Brown approached Mr. White and Defendant Officer Popp.

27.     In response to being asked to "cuff up", Mr. White asked Defendant Officer Popp why he had to "cuff up" since he had done nothing wrong, had complied when Defendant Officer Popp had instructed him to stand against the wall, and only wanted to speak with a Sergeant. Rather than answering Mr. White's question, or even asking him to "cuff up" a second time, Defendant Officers Popp and Brown turned Mr. White around by pulling his hair and held

6

him in place facing the wall. Mr. White reacted by placing his hands behind his back in order to be handcuffed by the Defendant Officers. Indeed, Mr. White made no effort to prevent the officers from restraining him as he was pushed against the wall.

28.     On information and belied, as this was going on, Defendant Officer McConnell called over the radio for additional officers to respond.

29.     Despite the fact that Mr. White had placed his hands behind his back, and was not resisting, Defendant Officers Brown and Popp continued to hold Mr. White against the wall for some time instead of handcuffing him. As additional officers responded, Defendant Officer Brown then threw Mr. White to the ground, and Defendant Officers Popp and Brown proceeded to kick and punch Mr. White in the head and face. Even after multiple additional officers handcuffed Mr. White, Defendant Officers Popp and Brown continued to punch and kick Mr. White.

30.     As a result of this attack, Mr. White suffered serious injuries to his head, face, and chin, including, but not limited to, lacerations to his chin and multiple abrasions on the left and right side of his face and head. During the attack, Mr. White was also fearful for his life. Mr. White's injuries required treatment at Cermak Hospital.

31.     The assault by Officers Popp and Brown was witnessed by multiple Defendant Officers, including Defendant Officer McConnell. Despite the fact that Mr. White did not physically resist in any way, and despite the fact that he was clearly being injured by Defendant Officers Popp and Brown, at no time during the attack did any of the Defendant Officers intervene to prevent Defendant Officers Popp and Brown from assaulting Mr. White.

32.     After the assault on Mr. White, several Defendants, including, but not limited to, Sergeant Rudnick Officers Popp, Brown, and McConnell, and Defendant Investigators Nyberg

and Reilly, conspired with each other to cover up the misconduct described above. Defendants, among other acts, engaged in the following actions in furtherance of this conspiracy:

a. On January 25, 2016, Defendant Officer Popp falsified a Cook County Sheriff's Office Response to Resistance/Use of Force Form (hereinafter, "Use of Force Report") by indicating that he used force against Mr. White only because "Inmate White started to resist, throwing an elbow" and "continued to resist, trying to kick both R/O and OFC Brown" in response to Officer Popp's attempt to turn Mr. White around to handcuff him, and by failing to indicate that either himself or Officer Brown had struck Mr. White in any manner;

b. On January 25, 2016, Defendant Officer Brown falsified a Use of Force Report by failing to indicate that either Officer Popp or himself had struck Mr. White in any manner, as well as by falsely describing Mr. White as attempting to resist being handcuffed by the Defendant Officers;

c. On January 25, 2016, Defendant Officer McConnell falsified a Use of Force Report by indicating that "Inmate White resisted and tryed (sic) to elbow Officer Popp" in response to Officer Popp's attempt to turn Mr. White around to handcuff him, and by failing to indicate that either Officers Brown or Popp had struck Mr. White in any manner;

d. Shortly thereafter, an unknown officer filled out an Incident Report related to the incident described above that completely omitted any mention of Officers Popp and Brown striking Mr. White repeatedly in the head and face. This Incident Report was furthermore false in that it described Mr. White as resisting being handcuffed by the Defendant Officers by throwing an elbow and attempting to

kick Officers Popp and Brown when he in fact applied no physical resistance at all;

e. On February 22, 2016, Defendant Investigator Nyberg falsified an Office of Professional Review ("OPR") Memorandum of Investigation by indicating that the video of the incident showed that Mr. White "actively resisted" despite the video providing no factual basis for this claim. Investigator Nyberg also falsely claims that Mr. White admitted that he actively resisted Officers Popp and Brown as they tried to handcuff him. Additionally, Investigator Nyberg omitted any mention of Officers Popp and Brown striking or kicking Mr. White despite the fact that the video interview with Sergeant M. Rudnick clearly shows multiple abrasions on Mr. White's right temple, forehead, and left eye socket. Defendant Investigator Reilly signed off as the "Reviewer" on this Memorandum despite knowing that it contained demonstrably false information;

33.     At no time after completing any of the reports described above did any correctional officer or other member of the Cook County Jail staff, including Defendants, intervene to prevent the filing of these false reports or to correct them. At no time after providing false testimony to OPR Investigator Nyberg did any correctional officer or other member of the Cook County Jail staff, including Defendants, intervene to prevent the provision of this testimony or to correct it.

### Count I – 42 U.S.C. § 1983
### Excessive Force

34.     Each paragraph of this Complaint is incorporated as if restated fully herein.

35.     As described above, the conduct of two or more of the Defendant Officers constituted excessive force in violation of the United States Constitution.

36. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

37. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Mr. White.

38. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Cook County Sheriff's Office in that:

    a. as a matter of both policy and practice, the Cook County Sheriff's Office directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise, and control its corrections officers, such that its failure to do so manifests deliberate indifference;

    b. as a matter of both policy and practice, the Cook County Sheriff's Office facilitates the very type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby leading Cook County Jail corrections officers to believe that their actions will never be scrutinized and thereby directly encouraging future abuses such as those affecting Mr. White;

    c. generally, as a matter of widespread practice so prevalent as to comprise Jail policy, corrections officers of the Cook County Jail abuse detainees in a manner similar to that alleged by Plaintiff on a frequent basis, yet the Sheriff's Office and/or Cook County Jail make findings of wrongdoing in a disproportionately small number of cases;

    d. County policy-makers, including Defendant Tom Dart, are aware of, condone, and facilitate by their inaction, a "code of silence" in the Cook County Jail.

Corrections officers routinely fail to report instances of officer misconduct and lie to protect each other from punishment, thereby going without discipline for their unconstitutional actions; and

e. the Sheriff's Office has failed to act to remedy the patterns of abuse, despite actual knowledge of same, thereby causing the types of injuries alleged herein. Alternatively, Defendants were at least deliberately indifferent to Mr. White's assault by the Defendant Officers, and their acts were undertaken intentionally with malice, willfulness, and deliberate indifference to the rights of Mr. White.

39.     As a result of the unjustified and excessive use of force described above, and of the County's policy and practice, Plaintiff has suffered bodily injury, as well as emotional distress.

### Count II – 42 U.S.C. § 1983
### Conspiracy

40.     Each paragraph of this Complaint is incorporated as if restated fully herein.

41.     Defendants reached an agreement among themselves to deprive Plaintiff of his constitutional rights and to protect one another from liability for depriving Plaintiff of his rights, all as described in the various paragraphs of this Complaint.

42.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

43.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Mr. White.

44.     As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered bodily injuries, as well as emotional distress.

45.     Plaintiff's injuries were caused by employees of the Cook County Sheriff's

Department and Cook County, including, but not limited to, the individually named Defendants, who acted pursuant to the policies and practices of the Cook County Sheriff, as described above.

## Count III – 42 U.S.C. § 1983
## Failure to Intervene

46.     Each paragraph of this Complaint is incorporated as if restated fully herein.

47.     As described above, one or more Defendants had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights had they been so inclined, but failed to do so.

48.     Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

49.     As a direct and proximate result of the misconduct described in this Count, Plaintiff's rights were violated, and he suffered serious bodily injuries, as well as emotional distress.

50.     Plaintiff's injuries were caused by employees of the Cook County Sheriff's Department and Cook County, including, but not limited to, the individually named Defendants, who acted pursuant to the policies and practices of the Cook County Sheriff, as described above.

## Count IV – State Law Claim:
## Intentional Infliction of Emotional Distress

51.     Each paragraph of this Complaint is incorporated as if restated fully herein.

52.     In the manner described above, by assaulting Plaintiff, and by failing to intervene to prevent this assault, the Defendants engaged in extreme and outrageous conduct.

53.     Defendants' actions set forth above were rooted in an abuse of power or authority.

54.     Defendants' actions set forth above were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with

reckless disregard of that probability.

55.     Defendants' actions set forth above were undertaken with malice, willfulness, and reckless indifference to the rights of Mr. White.

56.     The misconduct described in this Count was undertaken by Defendants within the scope of their employment such that their employer, the Cook County Sheriff's Department, is liable for their actions.

57.     As a direct and proximate result of this misconduct, Plaintiff suffered physical injuries, as well as severe emotional distress.

**Count V – State Law Claim:**
**Assault and Battery**

58.     Each paragraph of this Complaint is incorporated as if restated fully herein.

59.     In the manner described above, two or more of the Defendants made offensive physical contact with Plaintiff without his consent.

60.     Defendants' committed these acts intentionally, willfully, and wantonly.

61.     The misconduct described in this Count was undertaken with intentional disregard of Plaintiff's rights.

62.     As a direct and proximate result of this misconduct, undertaken pursuant to the Cook County Sheriff's Department's policy and practice, Plaintiff sustained bodily and other injuries, including, but not limited to, a reasonable apprehension of great bodily harm.

**Count VI – State Law Claim:**
**Negligent or Willful and Wanton Conduct**

63.     Each paragraph of this Complaint is incorporated as if restated fully herein.

64.     In the manner described above, the actions of Defendants breached the duty of care owed to detainees in their care. They did so by assaulting Plaintiff and/or failing to

intervene to prevent this assault.

65.     Alternatively, the actions of Defendants were willful and wanton in that they demonstrated an utter indifference to the safety of others. Defendants were conscious that an injury would probably result from the above-described course of action and recklessly disregarded the consequences of that actions.

66.     As a direct and proximate result of Defendants' negligence and/or willful and wanton conduct, Michael White suffered physical injuries, as well as emotional distress.

**Count VII – State Law Claim:**
**Respondeat Superior—Sheriff of Cook County**

67.     Each paragraph of this Complaint is incorporated as if restated fully herein.

68.     In committing the acts alleged in the preceding paragraphs, Defendant Officers were employees, members, and agents of the Cook County Sheriff's Office acting at all relevant times within the scope of their employment.

69.     The Sheriff is liable as principal for all torts committed by his agents.

**Count VIII – State Law Claim:**
**Indemnification**

70.     Each paragraph of this Complaint is incorporated as if restated fully herein.

71.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

72.     Defendant Officers are or were employees of the Cook County Sheriff's Department, who acted within the scope of their employment in committing the misconduct described above.

73.     Cook County is obligated to pay any judgment entered against the Sheriff in an

official capacity.

WHEREFORE, Plaintiff, MICHAEL WHITE, respectfully requests that this Court enter a judgment in his favor and against Defendants, TOM DART, the COOK COUNTY SHERIFF, individually and in his official capacity; COOK COUNTY; DR. NNEKA JONES TAPIA, individually and in her official capacity as Executive Director of the Cook County Department of Corrections (the "Cook County Jail"), Sergeant M. RUDNICK, Correctional Officer DANIEL POPP, Correctional Officer PATRICK BROWN, Correctional Officer JANIE MCCONNELL, Office of Professional Review Investigator BRYAN NYBERG, OFFICE OF PROFESSIONAL REVIEW Investigator ROBERT REILLY, UNKNOWN EMPLOYEES OF COOK COUNTY, and UNKNOWN EMPLOYEES OF THE OFFICE OF PROFESSIONAL REVIEW OF THE COOK COUNTY SHERIFF'S OFFICE, awarding compensatory damages, including medical expenses, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, MICHAEL WHITE, hereby demands a trial by jury pursuant to Federal Rule of Civil

Procedure 38(b) on all issues so triable.


RESPECTFULLY SUBMITTED,

/s/ Vince Field
One of Plaintiff's Attorneys

Arthur Loevy
Jon Loevy
Cindy Tsai
Vince Field
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900